## Benjamin Leedom *against* Philip Pancake and Rebecca his wife, late Rebecca Hopkins.

Rule to shew cause, why a new trial should not be granted on the ground of the party being unprepared at the trial, denied.

MOTION for a rule to shew cause, why a new trial should not be granted. The cause was tried at *Nisi Prius*, at the last sittings, when a verdict passed for the plaintiff. The action was founded on a debt of the defendant's wife before marriage, which was chiefly proved ; and the only question on the trial was, whether the defendants were husband and wife or not. One Richard Hunt swore, that he was casually present in the defendant's house, at the time of the wedding dinner, though not an invited guest. The defendant introduced Rebecca Hopkins to the company as his wife, and one of them saluted her as such : he acknowledged her as his wife and called her by that name. They lived together, and he heard her called Mrs. Pancake at least one hundred times. She was generally reputed to be his wife.

Mr. S. Levy for the defendant read several affidavits taken since the trial, tending to shew, that the woman came to the defendant's house under the character of a housekeeper at certain stipulated wages, and that they both said so ; and that he had left his place of abode shortly before the trial. He insisted, that the general reputation had been proved by a single witness only, not of the best character, who was accidentally present at the time of the supposed wedding dinner. None of the original guests had been examined, who might clearly have shewn the *fact of marriage, if it really existed. The cause [*184 might be of great consequence to Pancake, against whom other suits might be brought on the same ground. In fact, fifteen such actions had been instituted against him, and this verdict would have a decisive influence in those causes. Evidence from cohabitation and reception by the party's family, as man and wife, is admissible *prima facie* evidence of marriage to go to the jury; but it might be repelled by other proof. 1 Espin. Rep. 214. This was a proper case for the court to interpose its discretion, and grant a new trial.

Mr. Condy for the plaintiff urged, that all this proof of housekeeping ought to have been laid before the jury on the trial. Pancake knew the ground on which the suit was founded, and should have been prepared with his defence. If the supposed wedding dinner was capable of explanation, it ought to have

been explained at the time ; and he might have subpœnaed his witnesses to give evidence of what had passed. Indeed, the reputation of the witness for the plaintiff had not been attacked on the trial. If it had so happened, witnesses might have been adduced to testify in his favour, in a regular mode of proceeding. It will not be denied, that the evidence which went to the jury was correctly legal. The case which has been cited, fully proved it, and Harvey *v.* Harvey, 2 Bla. Rep. 877, is mentioned therein, which establishes the same rule of evidence. A jury may infer a marriage from cohabitation, reputation, and other circumstances. Morris *v.* Miller, 4 Burr. 2053.   1 Bla. Rep. 632. S. C. If the court would grant the rule under the circumstances of this case, it will encourage every person who comes unprepared to make motions of the same nature.

SHIPPEN, C. J. was of opinion the rule should be granted ; but the other members of the court dissented therefrom.

Motion denied.